United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30400
_____

MICHAEL WAYNE PICKNEY

Petitioner-Appellant,

VERSUS

BURL CAIN, WARDEN
LOUISIANA STATE PENITENTIARY

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Western District of Louisiana

_____

Before DAVIS, CYNTHIA HOLCOMB HALL[*] and EMILIO M. GARZA, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Petitioner, Michael Wayne Pickney (Pickney), appeals the district court's denial of habeas

corpus relief on his claim of deprivation of equal protection rights because the process of selecting

his grand jury foreperson was racially discriminatory. We agree with the district court that this claim

is procedurally defaulted and that Pickney failed to establish prejudice to overcome this default.

Accordingly, we affirm the district court's judgment.

_____

[*] Circuit Judge of the United States Ninth Circuit, sitting by designation.

-1-

I.

On January 27, 1995, a St. Landry Parish, Louisiana grand jury indicted Pickney with the aggravated rape of Christina Scott (Scott).

In the early morning of June 12. 1994, Christina Scott awoke to find a male intruder standing in the doorway of her bedroom. The intruder told Scott that she must do what he asked, or he would kill her and her eighteen month-old daughter who was sleeping with her. The man told Scott to face the wall during the attack, so she never saw his face. He instructed her to disrobe, and Scott began to cry. Scott's daughter awoke from the noise and also started crying. The intruder instructed Scott to silence her daughter, or he would kill the child. After Scott quieted her baby, the intruder ran a knife back and forth over Scott's back, telling her that he would use it if necessary. Scott asked the intruder if she could go to the bathroom. He allowed her to do so but followed her to the door. When they returned, the man raped Scott at knife point. After the rape, the man told Scott that he would kill her if she called the police. He remained in her home for twenty minutes constantly talking to Scott. After he left, Scott sought help from a friend and was taken to a hospital where a rape kit was prepared.

Two witnesses, Lloyd Henry and Keith Henry, both of whom knew the defendant, Pickney, testified that they saw him at Scott's apartment complex between 1:00 and 2:00 a.m. on the morning she was raped. They described Pickney as wearing a white t-shirt and dark jeans and having a lot of facial hair. Lloyd stated that Pickney was wearing boots. Scott also testified that her assailant was wearing a white t-shirt, dark jeans and boots.

After leaving the hospital, Scott was taken to the police station. She told the police that she could not describe her assailant's face or his build, but she could identify his voice. Scott identified

Pickney in a voice line-up conducted at 11:00 a.m. on the morning of the rape.

At trial, the State introduced the results of DNA testing which had been conducted using Scott's blood, Pickney's blood, and samples collected after the rape. The State's expert testified that Pickney's DNA correlated to the ten genetic markers found in the sample collected after the rape. Under a conservative estimate, only 1 in 1.3 million African-Americans' DNA would correlate to all ten of these genetic markers.

A jury convicted Pickney, and he was sentenced to life imprisonment. His conviction was affirmed on direct appeal. See State v. Pickney, supra. The Louisiana Supreme Court denied Pickney's request for a writ of certiorari. See State v. Pickney, 1998-1857 (La. 11/13/98), 730 So.2d 457.

Pickney filed a state application for post-conviction relief raising, inter alia, claims of discrimination in the selection of grand jury forepersons and ineffective assistance of counsel. His application was denied by the trial court on the basis that his claim was procedurally defaulted. The Louisiana Third Circuit Court of Appeal also denied Pickney's writ application but did so on the basis that Pickney failed to make a prima facie showing of discrimination. The Louisiana Supreme Court likewise denied Pickney's writ application. However, like the state district court, the Louisiana Supreme Court did so on the basis of procedural default.

Pickney filed a Section 2254 application in federal district court for habeas relief, arguing racial discrimination in the selection of his grand jury foreperson and ineffective assistance of counsel based on trial counsel's failure to file a motion to quash the indictment. The respondent answered asserting that Pickney's claim of discriminatory selection of grand jury forepersons was procedurally barred and was without merit, and because the claim had no merit, Pickney's ineffective assistance

of counsel claim was also without merit.

The magistrate judge recommended that Pickney's application be denied and dismissed with prejudice. The magistrate judge found that Pickney had procedurally defaulted his discrimination claim by not moving to quash the indictment before trial and that he had not shown cause and prejudice or a fundamental miscarriage of justice to excuse this default. The magistrate judge also found that Pickney's ineffective assistance claim, which was based on counsel's failure to move to quash the indictment, was without merit because Pickney had not shown prejudice. The magistrate judge concluded that, even if Pickney's counsel had succeeded in persuading the court to dismiss the indictment, a properly constituted grand jury would have simply reindicted Pickney on the same charge.

Pickney filed objections to the magistrate's report. The district court ordered that Pickney's Section 2254 application be denied and dismissed with prejudice for the reasons stated in the Magistrate's report. The district court also denied Pickney a certificate of appealability (COA).

Pickney moved this court for a COA, and we granted COA.

II.

Procedural default bars federal habeas review "[i]f a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997). Although the Louisiana intermediate court of appeals rejected Pickney's discrimination claim on the merits, the last court to address his claim, the Louisiana Supreme Court, denied the application on procedural grounds. The Louisiana Supreme Court held that Pickney waived his equal protection claim based on discrimination in the selection of his grand jury foreperson because he failed to file a

-4-

pretrial motion to quash the indictment.

A habeas petitioner "may overcome the state procedural bar only by demonstrating (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider his claims will result in a fundamental miscarriage of justice." Smith v. Johnson, 216 F.3d 521, 524 (5th Cir. 2000) (internal quotation marks and citation omitted). A defendant may show "cause" by proving ineffective assistance of counsel in violation of the Sixth Amendment of the Constitution. See Murray v. Carrier, 477 U.S. 478, 488 (1986). "In addition to cause, [a defendant] must show actual prejudice to overcome the procedural bar." United States v. Guerra, 94 F.3d 989, 994 (5th Cir. 1996) (internal quotations omitted). "The movant makes this showing where he demonstrates that, but for the error, he might not have been convicted." Id.

We need not address whether Pickney has made a showing of "cause" because we are confident that he has not been prejudiced. United States v. Shaid, 937 F.2d 228, 334 (5th Cir. 1991). After reviewing the trial record, we have no doubt that, if Pickney had been successful in having his indictment quashed, the State of Louisiana would have sought and obtained a second indictment. Witnesses who knew Pickney placed him at the scene of the crime on the morning in question. Detective Hidalgo testified that he recovered clothing from Pickney's home similar to those worn by Scott's attacker. Scott also identified Pickney's voice as being that of her assailant in a line up only hours after the attack. Even more importantly, the state produced DNA evidence that pointed to Pickney as Scott's attacker. Given the strength of the State's case, a successful grand jury challenge would have served no purpose other than to delay the trial. Accordingly, Pickney has failed to prove actual prejudice.

Citing Rose v. Mitchell, 443 U.S. 545, 99 S.Ct. 2993 (1979), Pickney argues that he should

-5-

be excused from making a showing of actual prejudice because he has made a prima facie showing of discrimination in the selection of his grand jury foreperson in violation of the equal protection clause of the Fourteenth Amendment.  In Rose v. Mitchell, the Supreme Court held that, if racial discrimination in the selection of a grand jury foreperson is shown, the conviction must be reversed without any inquiry into whether the defendant has been prejudiced.  Rose v. Mitchell, 443 U.S. 545, 556.  However, in Rose, the defendant preserved his equal protection claim.  Here, Pickney has not. Pickney argues that Rose v. Mitchell should be extended to apply even where the defendant has failed to preserve his equal protection claim.

This argument was considered and rejected by the Eleventh Circuit in Francois v. Wainwright, 741 F.2d 1275, 1283 (11th Cir. 1984).  The court held that, where a claim of racial discrimination in selecting the grand jury foreperson has been procedurally defaulted in state court, the defendant must still show prejudice.  The Eleventh Circuit distinguished Rose v. Mitchell on the basis that Rose applied only to preserved claims.  The Francois court relied on the Supreme Court's statement in Rose that "'[t]here is no contention in this case that respondents sought to press their challenge to the grand jury without complying with state procedural rules as to when such claims may be raised.'" Id. (quoting Rose v. Mitchell, 443 U.S. 545, 559 n.8).  Based on this language, the Eleventh Circuit concluded that the actual prejudice requirement survived Rose v. Mitchell where the defendant has failed to preserve his claim that his grand jury foreperson was selected through a racially discriminatory process.

We agree with the Eleventh Circuit and hold that, where a defendant has failed to show actual prejudice, we will not consider the merits of a procedurally defaulted claim of racial discrimination in the selection of a grand jury foreperson.  Because Pickney has failed to show that he was

prejudiced, we decline to consider his equal protection claim.

Our conclusion that Pickney suffered no prejudice from counsel's failure to quash the indictment also precludes Pickney's claim of ineffective assistance of counsel. To establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), Pickney must show that counsel's performance was deficient and that he was prejudiced by the defense. Because Pickney cannot meet the prejudice prong of Strickland, his claim of ineffective assistance of counsel must fail.

## III.

For the reasons stated above, we affirm the judgment of the district court denying Pickney's petition for habeas relief.

AFFIRMED.