**UNITED STATES of America**

v.

**Evaristus MACKEY**

**No. CRIM.A.00–316.**

United States District Court,
E.D. Louisiana.

Jan. 15, 2004.

638

Evaristus B Mackey, Jr, Pollock, LA, Pro se.

Duane Evans, U.S. Attorney's Office, New Orleans, LA, for U.S. Attorneys.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the

reasons that follow, petitioner's motion is DENIED.

## Background

In September of 2000, officers of the New Orleans Police department (NOPD) arrested the petitioner, Evaristus Mackey, after a traffic stop. A consensual search revealed a loaded handgun in the trunk of the car. The NOPD identified Mackey as a convicted felon and notified agents from the Bureau of Alcohol, Tobacco, and Firearms (ATF) about the weapon. In later questioning by NOPD officers and an ATF agent Mackey admitted to purchasing the weapon. A federal grand jury indicted Mackey as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The government gave Mackey notice of intent to seek an armed career criminal enhancement pursuant to 18 U.S.C. § 924(e). After an unsuccessful motion to suppress evidence, Mackey's indictment was superseded and he was charged with three separate counts of violations of sections 922(g)(1) and 924(e). The three charges of Felon in Possession relate to the traffic stop, and also two separate armed robberies during which, according to the victims' trial testimony, Mackey brandished identifiably different firearms. Mackey pleaded not guilty to all counts in February of 2001 and in June 2001, a jury found Mackey guilty on all counts. The Court sentenced him to the maximum term of 327 months of imprisonment because he had a bad prior criminal history.

The Fifth Circuit later affirmed the conviction and rejected his petition for rehearing. After an unsuccessful motion for disclosure of grand jury testimony and a motion to unseal documents, Mackey filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Mackey submits a wide and sometimes less than clear range of claims in support of his petition for Habeas Corpus relief.

## I.

### A.

First, the government maintains that Mackey's claims, except for the claim of ineffective assistance of counsel, should be procedurally barred. The government points out that the insufficiency of the evidence claim was raised and rejected on direct appeal. The remainder of Mackey's claims should likewise be barred, the argument goes, because they were not raised on direct appeal. In the view of the government, the petitioner has failed to show either cause or prejudice resulting from the failure to raise the claims. Without a showing of both cause and prejudice, the government maintains, claims not raised on direct appeal are procedurally defaulted in a section 2255 motion. The Court agrees. Claims that were "raised and rejected in [petitioner]'s direct appeal...are...barred from collateral review." *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir.1997) (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.1986)). The Fifth Circuit rejected Mackey's claim of insufficiency of the evidence on direct review, *see United States v. Mackey*, No. 01–31104, 34 Fed.Appx. 152 (5th Cir. March 22, 2002), and it cannot be raised again on collateral attack.

### B.

Other than the ineffective assistance of counsel claim, the balance of the claims, could have been raised on direct appeal, but were not. While addressing similar facts, the Fifth Circuit wrote:

> It is well settled that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion

only if the petitioner can first demonstrate either (1) cause and prejudice, or (2) that he is "actually innocent" of the crime for which he was convicted.

*United States v. Sorrells,* 145 F.3d 744, 749 (5th Cir.1998) (citing *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Mackey does not seriously contend, nor does he supply any proof, that he is actually innocent.[1] Thus, the Court focuses on the cause and prejudice inquiry.

■ "A defendant may show 'cause' by proving ineffective assistance of counsel in violation of the Sixth Amendment of the Constitution." *Pickney v. Cain,* 337 F.3d 542, 545 (5th Cir.2003) (citing *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). To succeed in a claim of ineffective assistance of counsel, one must show: 1) counsel's deficient performance and 2) prejudice as a result of the deficiency. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Strickland* court noted that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice... that course should be followed." *Id.* at 697, 104 S.Ct. 2052. To establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

■ To show "actual prejudice" Mackey must "demonstrate[ ] that, but for the error, he might not have been convicted." *Pickney,* 337 F.3d at 545 (quoting *United States v. Guerra,* 94 F.3d 989, 994 (5th Cir.1996)). Because both trump the procedural bar, it is appropriate for a court to address both "cause" and "prejudice" in disposing of a claim. *See Pickney,* 337 F.3d at 545 (citing *United States v. Shaid,* 937 F.2d 228, 234 (5th Cir.1991)). Accordingly under both inquiries—"cause" and "prejudice" and ineffective assistance of counsel—if no prejudice is shown from the failure to raise the claims on direct appeal the section 2255 petition must be denied.[2]

## C.

■ Mackey challenges the constitutionality of the Felon in Possession statute under which he was convicted. In his view, the recent Supreme Court jurisprudence in the area of federal regulation of criminal acts, including *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), serves to call into

---

**1.** Nowhere in his petition does Mackey even claim actual innocence. Rather, his entire focus is on contrived injustices during his court proceedings. In any event, given the Court's resolution of his other claims, Mackey would not be able to prove actual innocence, even if he had claimed it. *See Sorrells,* 145 F.3d at 750 (citing *Bousley,* 523 U.S. at 623–24, 118 S.Ct. 1604) ("The Supreme Court confirmed that the 'actually innocent' standard imposes a higher burden on petitioners than the 'prejudice' prong in the cause and prejudice standard.").

**2.** The Court recognizes that the prejudice needed to uphold a claim under section 2255 may be less than that required to prevail under a *Strickland* claim. *Compare Pickney v. Cain,* 337 F.3d at 545 (under section 2255, a petitioner must show "that, but for the error, he might not have been convicted") *with Strickland,* 466 U.S. at 694, 104 S.Ct. 2052 (petitioner must show "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Nevertheless, none of the asserted claims tests these limits; they all fall well below either prejudice standard.

doubt the continuing vitality of section 922(g)(1). As Mackey points out, the violation for which he is charged involves "possess[ion] *in or affecting commerce,* any firearm or ammunition." § 922(g)(1) (emphasis added). Mackey contends that the use of the term "in or affecting commerce" requires a showing of actual involvement in the flow of interstate commerce. Mere possession of a weapon, he argues, does not rise to the required commercial or transactional involvement.

Mackey continues his Commerce Clause argument by pointing to a perceived lack of economic effect in the regulation of such criminal acts. Mackey maintains that the "federalization" of what are, essentially, state crimes of robbery exceeds congressional authority under the Commerce Clause because the crime of Felon in Possession lacks a viable commercial or transactional context. The Court does not agree.

The constitutionality of the Felon in Possession statute, section 922(g)(1), has been recently tested in this circuit and has been upheld. *See United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir.2001) ("[petitioner's] constitutional challenge to § 922(g) fails, because 'the constitutionality of § 922(g) is not open to question.'") (quoting *United States v. DeLeon,* 170 F.3d 494, 499 (5th Cir.), *cert. denied,* 528 U.S. 863, 120 S.Ct. 156, 145 L.Ed.2d 133 (1999)). Moreover, Mackey conveniently ignores a strong Commerce Clause nexus; firearms are not manufactured in Louisiana and must cross state lines in the commercial chain to get here. Thus, because he cannot show prejudice, his claim is barred.

### D.

■ Because he was charged with three counts of Felon in Possession, Mackey claims that the indictment and conviction violate the Double Jeopardy clause of the Fifth Amendment. He contends that the statute focuses only on the felony status of the offender and it can, therefore, only be violated once. Calling the three charges multiple punishments, Mackey says that the three charges are, or should be, one single charge—the elements of each charge being identical to the others. In the last aspect of his Double Jeopardy claim, Mackey asserts that a special assessment of $100 per charge constitutes a double (or triple) jeopardy punishment and renders the concurrent sentence doctrine inapplicable.[3]

As to the Double Jeopardy claim, the government points out that the second superceded indictment charged Mackey with three separate counts of possession—three separate events that involved three different weapons. The associated claims of multiple convictions and adverse collateral consequences are, in the view of the government, essentially the same as the Double Jeopardy claim, and should also fail. The Court agrees.

"Congress did not intend . . . to make the firearms themselves the allowable units of prosecution, unless they were received at different times or stored in separate places." *United States v. Hodges,* 628 F.2d 350, 352 (5th Cir.1980). When multiple counts of the same charge are based on "different firearms received and possessed . . . at different times," such an indictment and conviction are proper. *Unit-*

---

**3.** The government concedes that the concurrent sentence doctrine is inapplicable. Mackey points to no adverse consequences resulting from the inapplicability of the concurrent sentence doctrine. He simply claims the doctrine does not apply. *See United States v. Dixon,* 273 F.3d 636, 641–42 (5th Cir.2001).

*ed States v. Harper,* 802 F.2d 115, 119 n. 4 (5th Cir.1986).

Mackey's argument again ignores the fact that the witnesses at his trial clearly described different weapons in separate armed robbery events. Because there is no merit to his Double Jeopardy claim, no prejudice arises from his failure to raise the claim on direct appeal.

## E.

■ Mackey next strangely maintains that his Fifth Amendment right to remain silent was violated when, during the hearing on his motion to suppress, the Court after hearing his inconsistent testimony questioned him about the existence of his many prior armed robbery convictions. Mackey says that the Court should have warned him of his right to refuse to answer before posing the questions. Mackey argues for an overly broad application of a rule that would prevent the Court from posing questions to an accused who chooses to testify at any stage in the proceeding without a prior warning.

The government correctly observes that the Court has institutional discretion to question witnesses to clarify the record or avoid confusion, and that Mackey opened the door to the Court's questioning when he inconsistently testified about his prior convictions on direct examination. Finally, the government constructively emphasizes that the suppression hearing testimony had no effect on the outcome of the trial because it was not used in the trial. The Court agrees.

■ "A trial judge's questioning of witnesses is permissible if aimed at clarifying the evidence or managing the trial." *United States v. Davis,* 285 F.3d 378, 381 (5th Cir.2002) (citing *United States v. Williams,* 809 F.2d 1072, 1087 (5th Cir. 1987)). Limitations on the Court's power to question witnesses entail potential adverse effects on the jury and the appearance of partisanship. *See Davis,* 285 F.3d at 381–82. By Mackey's own admission, the complained of questioning involved a clarification of the existence of his many prior armed robbery convictions during the suppression hearing. There was no adverse effect on the jury and the Court was within its powers to pose such questions.

■ Additionally, the testimony adduced during the motion to suppress may not, in the face of an objection, be used in trial as evidence of guilt. *See Felder v. Johnson,* 180 F.3d 206, 211 (5th Cir.1999) (discussing *Simmons v. United States,* 390 U.S. 377, 394, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968)). *Simmons* is specifically intended to protect the defendant's Fifth Amendment rights while allowing him to assert his Fourth Amendment rights. The questions asked by this Court adhered to *Simmons* and Mackey's rights were not diminished. Mackey was questioned by the Court about his five armed robbery convictions only because he chose to testify and tried to deny his guilt. Thus, there is no merit to the Fifth Amendment right to remain silent violation claim, and again, no prejudice arises from failing to raise the claim on direct appeal. (Of course, the Court was required to make a credibility choice which, given Mackey's testimony and background, went against him.)

## F.

■ Despite couching his next claim as a violation of American Bar Association Code of Judicial Conduct, Mackey really seems to be saying that the Court was in some way biased against him during the trial. On the basis of a contrived bias or prejudice on the part of the Court, Mackey asserts that the Court should have been disqualified from presiding over the trial.

Later in his papers, Mackey repeats his judicial prejudice argument by asserting that the Court failed to avoid impropriety by treating defense counsel disrespectfully and threatening sanctions for frivolous objections. This shows, according to Mackey, the bias of the Court and had a chilling effect on defense counsel's performance. In his last complaint regarding the Court, Mackey accuses the Court of somehow practicing law during the trial by raising objections and asking questions. He makes no record reference but refers to 28 U.S.C. § 455.

 The operative issue when a section 455 claim is asserted in a Habeas Corpus petition is "whether there was an appearance of impropriety which rose to the level of a fundamental defect resulting in a complete miscarriage of justice. Absent that level of severity, the claim of an appearance of impropriety is not cognizable under 28 U.S.C. § 2255." *United States v. Couch*, 896 F.2d 78, 81 (5th Cir. 1990) (internal quotations omitted). Additionally, to properly state a claim under section 455, the petitioner:

> must (1) demonstrate that the alleged comment, action, or circumstance was of 'extrajudicial' origin, (2) place the offending event into the context of the entire trial, and (3) do so by an 'objective' observer's standard. Moreover, [petitioner] must demonstrate that the district court's refusal to recuse was not merely erroneous, but, rather, an abuse of discretion.

*Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir.2003) (interpreting *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

Mackey's own assessment of his claim shows that any opinion formed by the Court, if any, was the result of " 'intrajudicial,' [sources] thus requiring a more deferential review than that applicable to [those] of 'extrajudicial' origin." *Andrade*, 338 F.3d at 456. Essentially, Mackey complains that the Court's rulings in favor of the government and admonitions to defense counsel prove the complained of bias. In short, adverse rulings or comments dealing with the Court's management of the trial proceedings equate with bias, according to Mackey. However, the U.S. Supreme Court is clear in its view that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555, 114 S.Ct. 1147. The actions complained of by Mackey do not "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* Nor does Mackey show that the Court abused its discretion in not recusing. No prejudice arises from failing to raise the claim on direct appeal.

### G.

 Mackey next elusively claims that his right to confront witnesses was violated because the Court limited the scope of the cross-examination of an NOPD detective at trial to issues relating to the photo array identification. Mackey wished to reopen issues previously dealt with and ruled upon at his suppression hearing. He seems to be saying that such a limitation violates the Sixth Amendment right to confront adversary witnesses especially when limits are imposed.

 The Court's power to limit the scope of cross examination is reviewed by an abuse of discretion standard. The Fifth Circuit has stated that "[a]lthough the scope of cross-examination is within the discretion of the trial court and, as such, it may impose reasonable limits on defense counsel's inquiry, 'that discretion-

ary authority comes about only after sufficient cross examination has been granted to satisfy the Sixth Amendment.'" *Wilkerson v. Cain,* 233 F.3d 886, 890 (5th Cir. 2000) (quoting *United States v. Landerman,* 109 F.3d 1053, 1061 (5th Cir.1997)). "The Confrontation Clause of the Sixth Amendment is satisfied where defense counsel has been 'permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness.'" *United States v. Restivo,* 8 F.3d 274, 278 (5th Cir.1993) (quoting *Davis v. Alaska,* 415 U.S. 308, 318, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)). Since the veracity of the NOPD witness could be fully tested before the jury at trial, and because the Court has the discretion to prevent a rehash of issues previously raised and ruled upon, Mackey was not prejudiced. As there is no merit to the Fifth Amendment Confrontation Clause violation claim, no prejudice arises from failing to raise the claim on direct appeal.

■ As to all of the previously discussed claims, the Court finds them each to be without merit. Accordingly, the failure to bring the claims on direct appeal did not result in "actual prejudice" and each of them is procedurally barred. *See Pickney,* 337 F.3d at 545; *Sorrells,* 145 F.3d at 749.

### H.

■ Mackey's final claim is one for ineffective assistance of counsel, which is multi-tiered. He focuses the asserted violations between pre-trial, trial, post-trial, and appeal. First, Mackey makes many claims about defense counsel's pre-trial performance ranging from unprofessional behavior and working under the influence of alcohol to failure to properly investigate and failure to obtain Grand Jury testimony transcripts. Matters not raised at his sentencing hearing.

In addition to establishing deficient performance Mackey must affirmatively prove that prejudice resulted from the asserted deficiency. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. He fails to do so. The Court does not find that the shortcomings identified by Mackey "undermine confidence in the outcome" of the trial process. *Id.* Mackey's request for the grand jury transcript was denied; Mackey has not proven that any favorable witness existed; and Mackey's claims of defense counsel's alcohol use and unprofessional behavior are similarly wholly unsupported. In total, the bald claims of pre-trial ineffective assistance of counsel, which are lacking proof of both deficiency and prejudice, do not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. Mackey's claims are unsupported and border on the frivolous.

■ The trial ineffective assistance claim centers on defense counsel's failure to obtain funds for expert testimony, failure to contact an alibi witness, failure to probe the reliability of government witnesses, and failure to call a corroborating witness on defendant's behalf. Post-trial, Mackey claims, defense counsel should have filed motions for post-verdict judgment of acquittal and/or modification of the verdict. He also declares that counsel's failure to raise insufficiency of evidence claims after the trial concluded shows ineffectiveness. The Court also finds that these claims are without merit.

Under *Strickland,* the burden falls on the petitioner to prove both deficiency and prejudice. Mackey has failed to do either. Assuming deficiency, which the Court does not find existed, Mackey's demand that a firearm expert would have been able to mitigate his sentence is unsupported by the facts. Mackey does not advance a viable theory as to how such an expert

could have benefitted his cause.[4] Mackey's demand for a private investigator is also baseless. The additional failure of counsel to investigate the testifying armed robbery victims for potential bias and reputation for truthfulness and failure to fully investigate all potential alibi witnesses are also unfounded. In fact, Mackey names not one single alibi witness whom counsel could have called. As neither claim, even if true, proves prejudice, they do not support the claim of ineffective assistance of counsel at trial. All Mackey does is question trial tactics, not competence.

The appellate ineffectiveness claim is two-fold. First, Mackey says that defense counsel failed to confer with him on which issues to bring on appeal. Second, he claims that defense counsel's refusal to raise the previously discussed claims on appeal was, itself, ineffective assistance of counsel. This second point is essential to Mackey because he relies on the asserted ineffective assistance as "cause" for not bringing the previous claims on direct appeal. If the second point fails, so do the previous claims, as a matter of procedure. *See Pickney,* 337 F.3d at 545.

[redacted] Failure or refusal to bring meritless claims on direct appeal is not ineffective assistance of counsel. *See Schaetzle v. Cockrell,* 343 F.3d 440, 445 (5th Cir.2003) ("Counsel need not raise every nonfrivolous ground of appeal, but should instead present '[s]olid, meritorious arguments based on directly controlling precedent.' ") (quoting *United States v. Williamson,* 183 F.3d 458, 463 (5th Cir.1999) (alteration in original)). Again, Mackey merely questions counsel's tactics as an experienced professional.

Because Mackey has failed, at each individual level of the proceedings and in the aggregate, to prove both deficient performance and prejudice resulting from the performance, he has also failed to prove that defense counsel's performance violated his right to effective counsel under the Sixth Amendment.[5]

The Court finds that all of the petitioner's claims, except the ineffective assistance of counsel claim, are barred for failing to show either "cause" or "prejudice." The Court further finds that counsel's performance did not violate the petitioner's Sixth Amendment right to effective counsel. The Court further finds that each of the barred claims is also meritless.

Accordingly, petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

[redacted]

4. Mackey maintains that the weapons expert was necessary to "prepare[ ] a social history pertaining to the petitioner's possession of firearms." The Court draws attention to Mackey's prior record of five armed robbery convictions.

5. In fact, Mackey asserts support by reference to exhibits which are not filed with his papers. His conclusory charges remain unsupported.