926 So.2d 490 (2006)
STATE of Louisiana
v.
Anthony THOMAS.
No. 2005-K-2373.
Supreme Court of Louisiana.
April 17, 2006.
PER CURIAM.[*]
Granted. The decision of the court of appeal is reversed, defendant's conviction and sentence are reinstated and this case is remanded to the district court for execution of sentence.
*491 We do not subscribe to the state's view that the grounds for reversing defendant's conviction and sentence for attempted aggravated burglary, that the prosecutor commented indirectly on defendant's failure to take the stand, see State v. Thomas, 99-1500 (La.App. 1st Cir.6/23/00), ___ So.2d ___ (unpub'd) constituted a structural defect in the proceedings which nullified the jury's verdict and permitted it to reindict defendant for the charged offense of aggravated burglary. Comment on the defendant's failure to take the stand at trial is a trial error, not a structural defect in the proceedings, that has been subject to harmless-error analysis at the federal level since Chapman v. California, 388 U.S. 263, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Moreover, we have clarified that as a matter of Louisiana law, the mandatory mistrial provisions of La.C.Cr.P. art. 770, which encompass a prosecutor's direct or indirect comment on the defendant's failure to testify, are directives to the trial judge and do not preclude an appellate court from conducting harmless-error analysis. State v. Johnson, 94-1379 (La.11/27/95, 664 So.2d 94). The jury's return of a lesser verdict of attempted aggravated burglary at his first trial thereby acquitted him of the charged offense of aggravated burglary. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957)(conviction of lesser offense bars retrial for greater offense); La. C.Cr.P. art. 598(A)(same).
Nevertheless, reversal of defendant's first conviction and sentence did not preclude the state from holding a second trial, only from seeking a conviction for aggravated burglary. United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). While the state erred in reindicting defendant and retrying him for the crime of aggravated burglary, the defendant did not move to quash the proceedings before trial, and the trial court, sitting as the fact finder in the case after defendant waived a jury, returned a verdict of guilt on the non-barred offense of unauthorized entry of an inhabited dwelling, a lesser included offense and a responsive verdict to the charged offense as a matter of La.C.Cr.P. art. 814(A)(42). The court of appeal therefore had no basis for vacating that verdict as unresponsive to the charge that it believed should have been brought, i.e., attempted aggravated burglary, because the verdict was not inherently tainted by virtue of its return in the trial of a jeopardy-barred offense. See Morris v. Mathews, 475 U.S. 237, 245, 106 S.Ct. 1032, 1037, 89 L.Ed.2d 187 (1986). Nor was it precluded by any factual finding necessarily resolved by the jury against the state at defendant's first trial when it returned a verdict of attempted aggravated burglary because a factfinder in Louisiana may return a verdict of attempt "although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt." R.S. 14:27(C).
WEIMER, J., recused.
NOTES
[*] Associate Justice John L. Weimer recused.