GUIDRY, J.*
|,We granted this writ application to review whether the trial court erred in granting defendant’s application for post-conviction relief on grounds trial counsel rendered ineffective assistance. Finding defendant, Anthony Thomas, did not satisfy the standard for ineffective assistance of counsel set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we reverse.
FACTS AND PROCEDURAL HISTORY
In early 1998, defendant, Anthony Thomas, began dating a young woman whom he met after repairing her car. Shortly thereafter, defendant began exhibiting violent behavior and the relationship began to deteriorate. Defendant had episodes during which he kicked holes in his girlfriend’s walls, ripped holes in her clothes, poured sugar on her carpet, and threw food at her. By mid-year 1998, defendant’s girlfriend had become fearful, telling family members that she was afraid for her safety, and eventually leaving her apartment and taking up residence at her mother’s house. However, despite her efforts to avoid defendant, he continued to stalk her. When his girlfriend returned to her apartment with her son, defendant was waiting there and forced his way into the home. Defendant told his girlfriend that he was going to have sex with her, pushed her to the floor and struck |2her. Out of fear she acquiesced to his demands. Defendant then instructed his girlfriend to remain in place while he went outside to turn his truck off. However, as soon as defendant was out of sight, she ran to a neighbor’s home and called police. When the police arrived, defendant’s girlfriend identified him as the perpetrator and he was arrested.
Following his arrest, defendant was charged with aggravated burglary. A jury found him guilty of the lesser and included offense of attempted aggravated burglary. Defendant was subsequently adjudicated a third felony offender and sentenced to mandatory life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
On appeal, the appellate court found that the prosecutor made an indirect reference to defendant’s failure to testify, in violation of La.C.Cr.P. art. 770(3).[1] Finding a mistrial should have been granted, the court of appeal reversed defendant’s conviction, vacated the sentence, and remanded the case to the trial court for a new trial. State v. Thomas, 99-1500 (La.App. 1 Cir. 6/23/00) (unpublished).
In 2002, the State retried defendant on the original charge of aggravated burglary.[2] Defendant waived his right to trial by *1052 jury and, after a bench trial, the court found him guilty of the lesser and included offense of unauthorized entry of an inhabited dwelling. The State again instituted habitual offender proceedings. The court adjudged defendant a third felony offender, and he was again sentenced |sto life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
Defendant appealed. The court of appeal once more reversed the conviction and remanded the case for a new trial upon finding the State’s prosecution of defendant for aggravated burglary was jeopardy-barred. State v. Thomas, 04-2746 (La.App. 1 Cir. 9/28/05), 912 So.2d 111 (unpublished). The court of appeal reasoned that the jury’s guilty verdict of attempted aggravated burglary at the first trial acted as an acquittal on the charge of aggravated burglary. Thus, on remand, defendant should not have been tried again for aggravated burglary. The appellate court found the second trial was required to be on the next most serious offense, attempted aggravated burglary. Further, based on La.C.Cr.P. art. 814(A)(48),[3] the court of appeal found the verdict rendered by the trial court, unauthorized entry of an inhabited dwelling, was invalid because it was not an acceptable responsive verdict for the charge of attempted aggravated burglary. Thomas, 04-2746, p. 1, 912 So.2d at 111.
This Court granted the State’s writ application, reverséd the decision of the court of appeal, and reinstated defendant’s conviction and sentence. State v. Thomas, 05-2373 (La.4/17/06), 926 So.2d 490. We reasoned, in relevant part:
[Rjeversal of defendant’s first conviction and sentence did not preclude the state from holding a second trial, only from seeking a conviction for aggravated burglary. ... The court of appeal therefore had no basis for vacating that verdict as unresponsive to the charge that it believed should have been brought, i.e., attempted aggravated burglary, because the verdict was not inherently tainted by virtue of its return in the trial of a jeopardy-barred offense.
Id. at 2, 926 So.2d at 491 (internal citations removed).
[ thereafter, defendant filed an application for post-conviction relief, including a claim that his counsel at the second trial was ineffective for failing to file a motion to quash the jeopardy-barred charge of aggravated burglary. The trial court ordered an evidentiary hearing, which was held before a commissioner. An attorney was appointed to represent defendant during the proceeding. At the evidentiary hearing, trial counsel testified he was aware that defendant’s case was being tried a second time for the 1998 offense. Counsel testified generally that, given four months to prepare for trial, he spent very little time on procedural issues, and his objectives were to adequately investigate facts and witnesses, review the testimony of previous witnesses, and prepare for trial. Finally, counsel emphasized that he was responsible for raising the motion to quash on jeopardy grounds and that his failure to do so was an error.
Following the hearing, the commissioner recommended the trial court grant post-conviction relief based on trial counsel’s ineffectiveness. The commissioner, rea *1053 soned that defendant had shown deficient performance because counsel had admitted that his failure to pursue this claim was a simple oversight and the omitted motion to quash based on double jeopardy grounds had undeniable merit. Further, the commissioner concluded that defendant had shown prejudice because counsel’s failure to file the meritorious motion to quash resulted in respondent being convicted of unauthorized entry of an inhabited dwelling, a responsive verdict that would not have been available had the State prosecuted defendant for attempted aggravated burglary, the “next most serious” charge below aggravated burglary. The trial court adopted the commissioner’s recommendation and entered an order accordingly.
The court of appeal denied the State’s writ application. State v. Thomas, 12-0477 (La.App. 1 Cir. 5/21/12) (unpublished). The State filed the instant writ | ¿application, which we granted. State v. Thomas, 12-1410 (La.3/1/13), 108 So.3d 781.
DISCUSSION
“The Sixth Amendment, applicable to the States by the terms of the Fourteenth Amendment, provides that the accused shall have the assistance of counsel in all criminal prosecutions.” Missouri v. Frye, — U.S. -, 132 S.Ct. 1399, 1404, 182 L.Ed.2d 379 (2012); State v. Messiah, 85-1659 (La.12/12/88), 538 So.2d 175, 185. The United States Supreme Court has long recognized that the right to counsel is the right to the effective assistance of counsel. See McMann v. Richardson, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 1449, n. 14, 25 L.Ed.2d 763 (1970) (citing Reece v. Georgia, 350 U.S. 85, 90, 76 S.Ct. 167, 170, 100 L.Ed. 77 (1955); Glasser v. United States, 315 U.S. 60, 69-70, 62 S.Ct. 457, 464-65, 86 L.Ed. 680 (1942); Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940); Powell v. Alabama, 287 U.S. 45, 57, 53 S.Ct. 55, 59-60, 77 L.Ed. 158 (1932)). Claims of ineffective assistance of counsel are generally governed by the standard set forth by the Supreme Court in Strickland v. Washington, and adopted by this Court in State v. Washington, 85-2339 (La.7/18/86), 491 So.2d 1337, 1339.
To prevail on such a claim, a defendant must first show that “counsel’s representation fell below an objective standard of reasonableness.” Strickland, 466 U.S. at 687-88, 104 S.Ct. 2052. The Supreme Court further noted that “[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error has no effect on the judgment.” Id. at 691, 104 S.Ct. 2052. Additionally, the Court reasoned “[t]he purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in | ¿counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.” Id. at 691-92, 104 S.Ct. 2052. Thus, the Strickland Court held that the “defendant must [also] show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 694, 104 S.Ct. 2052. The Court further explained that in making a determination of ineffectiveness of counsel, “the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts *1054 on to produce just results.” Id. at 696,104 S.Ct. 2052.
Regarding the “fundamental fairness of the proceeding,” the Supreme Court has held that in some circumstances a mere difference in outcome will not suffice to establish the required prejudice. In Lockhart v. Fretwell, the Court stated:
[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel’s error may grant the defendant a windfall to which the law does not entitle him.
Lockhart v. Fretwell, 506 U.S. 364, 369-70, 113 S.Ct. 838, 842-43, 122 L.Ed.2d 180 (1993).
In the present case, the issue raised by the State is whether the trial court erred in granting defendant’s application for post-conviction relief on his claim of ineffective assistance of counsel, that is, was counsel’s performance deficient and was the defendant prejudiced as a result.
|7Performance
First, we consider whether trial counsel’s performance fell below the standard set out by the Supreme Court in Strickland. Applying the relevant precedent to the facts of this case, we find counsel’s performance was below the objective standard of Strickland, thus constituting ineffective assistance of counsel.
The State contends trial counsel’s performance was not so deficient that it fell below an objective standard of reasonableness. The State points out that a motion to quash could have been filed by any of the eight previous attorneys who represented defendant after his first conviction was reversed, or noted by the district attorney, or the trial court itself. Thus, the State argues because everyone missed the issue, failing to raise it was not unreasonable. Further, the State asserts trial counsel correctly prioritized fact investigation over research into procedural issues of this nature.
In contrast, defendant argues trial counsel’s failure to file a motion to quash asserting double jeopardy was unreasonable in light of the obvious merit of the issue. Further, defendant argues the State’s reliance on the failure of others to raise this issue is misplaced because such conduct is irrelevant in determining trial counsel’s duties under an objective standard of reasonableness.
We find no merit in the State’s argument. The Supreme Court has recognized generally that criminal defendants are entitled to expect that their counsel understand applicable constitutional law. See, e.g., Connick v. Thompson, — U.S. -, 131 S.Ct. 1350, 1362-63, 179 L.Ed.2d 417 (2011). It follows that failure to pursue meritorious claims and defenses, owing not to strategic considerations but to a misapprehension of controlling law or relevant facts generally, will be found deficient. See, e.g., Kimmelman v. Morrison, 477 U.S. 365, 385, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); Nero v. Blackburn, 597 F.2d 991, 993-94 (5th Cir.1979); Commonwealth v. Lynn, 815 A.2d 1053, 1056 (Pa.Super.Ct.2003); State v. Allah, 170 N.J. 269, 285, 787 A.2d 887, 897 (2002).
There is no doubt the double jeopardy issue had merit. Both the Fifth Amendment to the United States Constitution and Article 1, § 15 of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense.[4] In addition to the constitu *1055 tional prohibition, the Louisiana Code of Criminal Procedure provides statutory protections from double jeopardy.[5] Double jeopardy exists in a second trial when the charge in that trial is for the same offense for which defendant was in jeopardy in the first trial and acquitted.[6] In this case, when defendant was found guilty of attempted aggravated burglary in the first trial, that verdict served as an acquittal for the offense of aggravated burglary.[7] Thus, defendant was put in jeopardy a second time for the same offense when he was tried again for aggravated burglary.
Although the State attempts to justify counsel’s omission by arguing he made a reasonable choice to prioritize trial preparation, this argument overlooks [ 9the corollary that reasonable trial preparation steps would have led competent counsel to file a motion to quash based on double jeopardy grounds. Trial counsel testified that his failure to file a motion to quash was simply an oversight or omission. No assertion of strategy complicated this analysis. There is no question that failure to raise this defense was due to attorney error.
We also reject the State’s argument that deficient performance was not established in this case because counsel was only one of many who could have raised the double jeopardy issue. Counsel’s duty under the Sixth Amendment to act as advocate is not qualified or lessened by the obligations of others to ensure orderly and fair proceedings. A defendant need only show that his attorney, appointed to satisfy the State’s Sixth Amendment obligation, rendered performance that fell below an objective standard of reasonableness. See, e.g., Kimmelman, 477 U.S. at 379, 106 S.Ct. 2574.
Thus, we find the trial court did not err in concluding that counsel’s performance fell outside the wide range of reasonable professional assistance as set out in Strickland.
Prejudice
Having found that counsel’s representation fell below an objective standard of reasonableness, we must determine if there is a reasonable probability that, but for counsel’s error, the result of the proceeding would have been different. To that end, defendant argues counsel’s error of allowing him to be twice placed in jeopardy for aggravated burglary was itself prejudicial. Defendant asserts he suffered prejudice because there is a reasonable probability he would not have been convicted of unauthorized entry of an inhabited dwelling had counsel pursued a *1056 motion to quash. He argues the State would have charged him with attempted aggravated burglary, the next most severe available charge, and it would have | T nprecluded the verdict entered because it was not responsive to that charge. Moreover, defendant asserts, whether or not the State would seek habitual offender adjudication after a third trial is speculative and irrelevant. According to defendant, prejudice exists because he was twice placed on trial for the same offense.
Conversely, the State argues defendant cannot prove prejudice under Strickland. The State asserts the guilty verdict for unauthorized entry of an inhabited dwelling was a nonjeopardy-barred offense. The State contends it has sole authority in charging decisions, and there is no requirement that the second or subsequent charge must be responsive to the original charge or conviction in order to avoid double jeopardy. Thus, the State explains, it could have rebilled or reindicted defendant for unauthorized entry of an inhabited dwelling and the result would have been the same. Further, the State argues that regardless of which felony the defendant was ultimately convicted, whether it was a responsive verdict to attempted aggravated burglary or a different felony, defendant would have received the same life imprisonment sentence as a third offender under the habitual offender law. Accordingly, the State contends, the trial court erred in concluding defendant suffered prejudice because the outcome of this case would not have been different.
For reasons set out below, we find defendant’s argument unpersuasive given the circumstances of this case. Thus, we hold the trial court erred in finding defendant satisfied the prejudice prong of Strickland.
We previously determined in State v. Thomas that the return of a nonjeopardy-barred responsive verdict of unauthorized entry of an inhabited dwelling cured the double jeopardy implications of retrying defendant for aggravated burglary following his acquittal on that charge when the jury returned a |nresponsive verdict of attempted aggravated burglary, subsequently reversed on appeal for trial error. See La.C.Cr.P. art. 598(A). We noted that the verdict for the lesser offense of unauthorized entry “was not inherently tainted by virtue of its return in the trial of a jeopardy-barred offense.” Thomas, 05-2373 at 2, 926 So.2d at 491 (citing Morris v. Mathews, 475 U.S. 237, 245, 106 S.Ct. 1032, 1037, 89 L.Ed.2d 187 (1986)). Defendant contends that, reframed as an issue of ineffective assistance of counsel, his claim satisfies in post-conviction proceedings the burden he did not carry on direct review of “demonstrate[ing] a reasonable probability that he would not have been convicted of the nonjeopardy-barred offense absent the presence of the jeopardy-barred offense.” Mathews, 475 U.S. at 247, 106 S.Ct. at 1038. We disagree.
While defendant was entitled to be free from the jeopardy-barred prosecution (and also entitled to vindicate that freedom through a pretrial motion to quash), Morris v. Mathews holds that absent some showing that the fact-finder’s factual determinations were skewed by the jeopardy-barred prosecution, conviction on a lesser-included, nonjeopardy-barred offense suffices to remedy any double jeopardy violation inherent in a jeopardy-barred prosecution. Morris, 475 U.S. at 246-47, 106 S.Ct. at 1038. Thus, because the Constitution does not prohibit subjecting respondent to a second trial on a different offense, the only deprivation he suffered as a result of counsel’s omissions was deprivation of the right to challenge the constitutionality of his charging document. It is fatal to defendant’s claim that preservation of this issue would not have entitled him to the relief he seeks for counsel’s failure to preserve it. That is, if counsel *1057 had preserved the issue by an unsuccessful motion to quash in the trial court and the issue had been appealed, defendant would have found himself exactly where he did when his case was appealed, without relief. In contrast, where Sixth Amendment prejudice has 112been recognized from the failure to raise substantial double jeopardy issues, preservation of the meritorious claim leads to reversal. Allah, 170 N.J. at 286, 787 A.2d at 897. Indictment defects, such as improper selection of grand jury forepersons, can lead to reversal if properly preserved, but the failure to raise them has been deemed insufficient to establish Sixth Amendment prejudice. Pickney v. Cain, 337 F.3d 542, 545 (5th Cir.2003). A fortiori, this double jeopardy issue, which could not lead to reversal when raised sua sponte, need not lead to reversal on a claim of ineffective assistance of counsel.
When courts have recognized claims of ineffective counsel regarding jeopardy issues, they have involved total waiver of a claim that would have barred prosecution altogether for any crime related to the incident because they are uniquely incurable other than by reversal of conviction. See Allah, 170 N.J. at 287-90, 787 A.2d at 898-99 (waiver of jeopardy claim based on improper mistrial granted without manifest necessity was ineffective because it would bar prosecution totally and not merely halt prosecution). Significantly, the double jeopardy issue in this case has no potential to resolve defendant’s criminal prosecution, as the State could have simply amended the charging document to cure the defect identified. Defendant’s prejudice argument is thus wanting in light of the almost certain chance that he would have received the same habitual offender sentence, notwithstanding the filing of a timely motion to quash. To cure the double jeopardy defect in this case, the State could have simply amended the aggravated burglary charge downward to one that was responsive to the original indictment, or to another felony like unauthorized entry for which the evidence was sufficient. Additionally, given the prosecution’s previous assessment that defendant’s conduct on the night of the incident was “aggravated,” logic renders it probable that the State would have sought habitual offender sentencing no matter 11sfor what felony defendant was convicted. Thus, defendant cannot establish, as he must, that there is a reasonable probability that, but for counsel’s errors, the end result of the proceedings against him, life in prison as a third offender, would have been different. La.C.Cr.P. art. 930.2. More to the point, it is not the State’s burden to disprove conjectured theories of prejudice. See La. C.Cr.P. art. 930.2. Strickland places the burden on the defendant, not the State, to show a “reasonable probability” that the result would have been different. Wong v. Belmontes, 558 U.S. 15, 26-29, 130 S.Ct. 383, 390-91, 175 L.Ed.2d 328 (2009). Thus, it follows that the likelihood of the same sentence is relevant in this case.
The return of a guilty verdict of unauthorized entry of an inhabited dwelling meant that defendant’s retrial on the barred charge of aggravated burglary ultimately did not deprive him of his substantive right not to be prosecuted and convicted twice for the same offense as a matter of the Double Jeopardy Clauses of the federal and state constitutions. Mathews, 475 U.S. at 247, 106 S.Ct. at 1038 (“[W]here it is clear that the jury necessarily found that the defendant’s conduct satisfies the elements of the lesser included offense, it would be incongruous always to order yet another trial as a means of curing a violation of the Double Jeopardy Clause.”). Nor did it deprive defendant of a fact finder’s opportunity to consider under Louisiana’s system of responsive verdicts “a less drastic alternative than the choice between conviction of the offense charged and acquittal.” Beck v. Alabama, 447 U.S. 625, 633, 100 S.Ct. 2382, 2388, 65 *1058 L.Ed.2d 392 (1980). The defendant may have been entitled to a different set of responsive verdicts as a statutory matter if counsel had filed a motion to quash, but he has not shown as a constitutional matter that the proceedings were thereby rendered fundamentally unfair or the verdict unreliable by “a breakdown in the adversarial process that our | ^system counts on to produce just results.” Strickland, 466 U.S. at 696, 104 S.Ct. at 2069.
Accordingly, we hold that defendant ultimately fails to satisfy the two-part Strickland standard for assessing claims of ineffective assistance of counsel and the district court erred in concluding otherwise. That judgment is accordingly reversed and defendant’s conviction and sentence are reinstated.
REVERSED; CONVICTION AND SENTENCE REINSTATED.
JOHNSON, Chief Justice, dissents and assigns reasons.
KNOLL, Justice, dissents for the reasons assigned by Chief Justice JOHNSON.
Retired Judge ROBERT L. LOBRANO, assigned as Justice ad hoc, sitting for WEIMER J., recused.

 Retired Judge Robert L. Lobrano, assigned as Justice ad hoc, sitting for Weimer, J., recused.

. La.C.Cr.P. art 770 provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to: ... (3) The failure of the defendant to testify in his own defense.

. Defendant was not reindicted, nor was a new bill of information filed.

. La.C.Cr.P. art. 814(A)(43) provides:
The only responsive verdicts which may be rendered when the indictment charges [Attempted Aggravated Burglary] are: guilty; guilty of attempted simple burglary; guilty of attempted simple burglary of an inhabited dwelling; guilty of attempted unauthorized entry of an inhabited dwelling; not guilty.

. U.S. Const, amend. V provides, in pertinent part:
nor shall any person be subject for the same offense to be twice put in jeopardy of *1055 life or limb....
Article 1, § 15 of the Louisiana Constitution provides, in pertinent part:
No person shall be twice placed in jeopardy for the same offense, except on his application for a new trial, when a mistrial is declared, or when a motion in arrest of judgment is sustained.

.La.C.Cr.P. art. 591 provides:
No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.

. La.C.Cr.P. art. 596 provides, in pertinent part:
Double jeopardy exists in a second trial only when the charge in that trial is: (1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial.

. La.C.Cr.P. art. 598(A) provides:
When a person is found guilty of a lesser degree of the offense charges, the verdict or judgment of the court is an acquittal of all greater offenses charges in the indictment and the defendant cannot thereafter be tried for those offenses on a new trial.