STATE OF LOUISIANA       *       NO. 2022-K-0213

VERSUS       *

      **COURT OF APPEAL**

EDDIE HARRISON       *

      **FOURTH CIRCUIT**

      *

      **STATE OF LOUISIANA**

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 465-700, SECTION "DIVISION G"
Judge Nandi Campbell,

* * * * * *
**Pro Tempore Judge Madeline Jasmine**

* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Pro Tempore Judge Madeline Jasmine)


Justin Caine Harrell
1100 Poydras Street, Suite 2900
New Orleans, Louisiana  70163

      COUNSEL FOR RELATOR

C. Benjamin Cohen
Jason Rogers Williams
District Attorney
619 S. White Street
New Orleans, Louisiana 70119

      COUNSEL FOR RESPONDENT


           **WRIT DENIED**
           **MAY 11, 2022**

Petitioner, Eddie Harrison ("Harrison"), seeks review of the trial court's denial of his application for post-conviction relief.  For the following reasons, we deny the writ.

## STATEMENT OF THE CASE

On June 20, 2006, the State charged Harrison with attempted first degree murder of NOPD Officer Andres Gonzalez.  On September 5, 2006, Harrison was arraigned and pled not guilty.  On March 13, 2008, after a four-day jury trial, Harrison was found guilty as charged.  On March 19, 2008, the trial court found Harrison to be a second felony offender and sentenced him to one hundred years hard labor at the Louisiana Department of Corrections.

On June 25, 2009, this Court affirmed Harrison's conviction and sentence. *State v. Harrison*, 08-1110 (La. App. 4 Cir. 6/25/09), 16 So.3d 447.[1]  On March

---

[1] The voluminous facts of this case are set forth in *State v. Harrison*, 08-1110, pp. 1-10 (La. App. 4 Cir. 6/25/09) 16 So.3d 447, 450-54.

1

26, 2010, the Louisiana Supreme Court denied Harrison's writ application. *State v. Harrison*, 09-1745 (La. 3/26/10), 29 So.3d 1250.

On June 23, 2011, Harrison filed an application for post-conviction relief. After several of his attorneys withdrew as counsel of record, Harrison's present counsel filed a supplemental memorandum in support of post-conviction relief. The State filed a response to Harrison's post-conviction application on November 24, 2021. The trial court, without oral argument or an evidentiary hearing, took the matter under advisement, and issued its opinion denying Harrison's application for post-conviction relief on February 16, 2022.

On or about February 22, 2022, Harrison filed a notice of intent to seek supervisory and/or remedial writs, and the trial court set a return date of April 4, 2022. Harrison timely submitted the instant writ application on that date.

In his post-conviction writ application, Harrison raises the following claims: (1) he was denied his right to testify on his own behalf; (2) trial counsel was ineffective in eliciting prejudicial hearsay testimony; (3) trial counsel was ineffective in failing to object to the consideration of extraneous evidence at sentencing; and (4) trial counsel was ineffective in failing to impeach a State witness.

## DISCUSSION

### 1. Harrison Was Denied His Right to Testify on His Own Behalf

Harrison contends that he was unconstitutionally denied his right to testify at trial.

A defendant has a constitutional right to testify in his own defense. La. Const. art. I, § 16; *State v. Dauzart*, 99-3471, pp. 6-7 (La. 10/30/00), 769 So.2d 1206, 1207-08. The Louisiana Supreme Court has held that the denial of the right to testify, after a criminal defendant unequivocally makes known his desire to do so, is not amendable to a harmless error analysis. *State v. Hampton*, 00-0522, p. 10

2

(La. 3/22/02), 818 So.2d 720, 727. When a criminal defendant does not take the stand to testify, a court should presume he has knowingly and voluntarily waived his right to do so. *Id.* A defendant can only rebut such presumption by showing that his attorney caused him to forego his right to testify. *Id.* at 729. To make that showing, a defendant must: (1) allege specific facts, and present an affidavit by his trial attorney, from which a court can reasonably find that the attorney informed the defendant "that he was legally forbidden to testify or in some similar way compelled him to remain silent;" and (2) demonstrate that the record would support a finding that those specific factual allegations would be credible. *Id.* at 729-30.

Here, Harrison has failed to allege specific facts, or submit an affidavit from his defense counsel, from which the court could find that he was compelled to remain silent. Harrison contends that he intended to submit an affidavit attesting to his efforts to testify, but rather than waiting for the submission of the affidavit, the district court rendered its opinion without the affidavit. When Harrison submitted his supplemental supporting memorandum on June 23, 2021, he referred to a future affidavit. The district court did not render its decision until February 16, 2022. Harrison had ample opportunity to submit his affidavit, but failed to do so. Moreover, in Harrison's original post-conviction relief application, filed in June 2011, he admitted that "he 'declined' to testify, and that trial counsel 'advised' him not to do so." The court concluded that any submitted affidavit, at this late date, would "constitute[] self-serving testimony that contradicts his previous assertions." Harrison has likewise not identified any portion of the trial record that would support such a finding. *Hampton, supra.*

Harrison has clearly failed to satisfy his burden of proving he was unconstitutionally denied his right to testify at trial. This argument is without merit.

## 2. Trial Counsel Was Ineffective in Eliciting Prejudicial Hearsay Testimony

At trial, defense counsel asked Sergeant Arthur Kaufman ("Sergeant Kaufman") whether "any other witnesses [were] shown Mr. Harrison in a show up lineup." Sergeant Kaufman responded that an uncalled witness, Eddie Guillory, "saw [Harrison] and pointed him out as the person who was struggling with Officer Gonzalez prior to Officer Gonzalez being shot." Harrison contends that defense counsel was unconstitutionally ineffective when he elicited the above hearsay testimony from Sergeant Kaufman.

The Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 13 of the Louisiana Constitution guarantee a person accused of a crime the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* an applicant must first demonstrate that counsel's performance was deficient and thus made errors so serious that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, an applicant must show that any deficiencies in counsel's performance prejudiced the defense. *Id.* at 692. "This requires showing that the deficiencies were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

While it is necessary to allege that counsel's performance was both deficient and prejudicial, a conclusory allegation is not sufficient to establish an ineffective assistance of counsel claim. *State v. Mark*, 13-1110, p. 27 (La. App. 4 Cir. 7/30/14), 146 So.3d 886, 905. A failure to demonstrate either a deficiency in performance or prejudice to the defense from that deficiency will defeat a claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687. Thus, we need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Id.* at 697.

4

For counsel's performance to be deficient, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In order to substantiate that claim, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. An error falling within the "ambit of trial strategy," however, does not establish ineffective assistance of counsel. *State v. Jackson*, 05-1281, p. 16 (La. App. 4 Cir. 11/29/06), 947 So.2d 115, 125 n. 14.

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* at 697. An appellate court does "not sit to second-guess strategic tactical choices made by trial counsel," *State v. Hoffman* 98-3118, p. 40 (La. 04/11/00), 768 So.2d 542, 579, and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Strickland*, 466 U.S. at 689.

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Claims "alleging a deficiency in attorney performance are subject to the general requirement that the [petitioner] affirmatively prove prejudice." *Id.* "The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "[I]t's not the State's burden to disprove conjectured theories of prejudice." *State v. Thomas*, 12-1410, p. 5 (La. App. 9/4/13). 124 So.3d 1049, 1053.

5

Here, Harrison has failed to show that he was prejudiced by defense counsel's alleged error in eliciting prejudicial hearsay testimony from Sergeant Kaufman. As the district court noted in rejecting this claim, "[f]ive witnesses identified [Harrison] at or near the scene and made subsequent identifications of [Harrison] in court." Absent Sergeant Kaufman's hearsay testimony reflecting Eddie Guillory's identification of Harrison, there was ample testimony identifying Harrison as the perpetrator of the attempted first degree murder of Officer Gonzalez. Indeed, Officer Rodriquez identified Harrison as the person who shot him,

Harrison was not prejudiced by any error on the part of trial counsel eliciting Sergeant Kaufman's hearsay testimony. This argument lacks merit.

### 3. Trial Counsel Was Ineffective in Failing to Object to the Use of Extraneous Evidence at Sentencing

Harrison contends that trial counsel was ineffective in failing to object to the trial court's consideration of extraneous evidence in sentencing him, which resulted in the imposition of an excessive sentence. The trial court, at sentencing, took note that among Harrison's possessions when he was apprehended was a stocking cap, by which the trial court speculated that Harrison intended to conceal his identity when committing a future armed robbery. Harrison claims that if counsel had objected, his sentence would have been less severe. Again, however, Harrison has failed to show that he was prejudiced by counsel's alleged deficiency. As the trial court noted in rejecting this claim:

> The Fourth Circuit Court of Appeal's ruling on [Harrison's] direct appeal effectively precludes his assertion of prejudice arising from his counsel's ineffectiveness during sentencing. Specifically, the Court rejected [Harrison's] claim of an excessive sentence, pointing out that "[t]he reasons set forth in support of the maximum sentence available in this case include at least seven of the sentencing considerations La. C.Cr.P. art. 894.1(B)." *State v. Harrison*, [08-1110, p. 18,] 16 So.3d at 459.

6

Despite the trial court's off-the-cuff remark regarding Harrison's possession of a stocking cap, there is nothing in the reasons provided by the trial court reflecting that the court relied upon this observation in sentencing Harrison. Counsel did not perform unreasonably in failing to object when the court made the remark about an article of clothing Harrison would have used to conceal himself. Harrison has not shown that had counsel objected, it would have had any effect on the maximum imprisonment term imposed by the trial court. This argument is without merit.

**4. Trial Counsel Was Ineffective in Failing to Impeach a State Witness**

Harrison contends that counsel was ineffective in failing to exploit the discrepancy between the time when the State claimed Harrison was detained by police – 3:30 p.m. – and when the supplemental police report reflected Harrison was in police custody – 3:00 p.m. According to Harrison, this thirty-minute discrepancy was significant because it reflected that "law enforcement continued to search for the culprit for thirty minutes after [Harrison] was detained."

Once more, Harrison has failed to show there is a reasonable probability that, but for counsel's alleged deficiency in failing to question the police regarding this timeline discrepancy, the result of the proceeding would have been different. A thirty-minute discrepancy is not significant, and it is more likely attributable to error rather than any cover-up scheme, as Harrison implies. Had the jury been aware that the State's representation of when Harrison was detained differed by thirty minutes from what the police officer represented in his report, it is highly improbable that it would have made any difference in their deliberations. The evidence against Harrison was strong. Several witnesses identified Harrison as being at or near the scene of the shooting shortly after it occurred, and the victim identified Harrison as the person who shot him. This argument is meritless.

**CONCLUSION**

For the reasons set forth above, Harrison's writ application is denied.

**WRIT DENIED**