SANDRA CABRINA JENKINS, Judge.
|sThe defendant appeals his convictions and sentences for armed robbery with a firearm, La. R.S. 14:64.3 and possession of stolen property, La. R.S. 14:69. The defendant assigns as error: (1) the trial court’s denial of the defendant’s motion to sever; (2) insufficiency of evidence to support convictions of armed robbery with a firearm; and (3) the trial judge’s entrance into the jury room during jury deliberations constitutes reversible error.
*846 We find no error in the trial court’s judgment denying the defendant’s motion to sever. Additionally, we find the State presented sufficient evidence to convict the defendant of two counts of armed robbery with a firearm. Finally, the defendant waived his right of review for failure to make a contemporaneous objection at the time of occurrence of the trial judge’s entry into the jury room during jury deliberations.
The defendant’s convictions are affirmed and the sentence imposed for his conviction of illegal possession of stolen property is affirmed. The defendant’s sentences for two counts of armed robbery with a firearm are vacated and remanded for resen-tencing to impose the enhancement penalty of five years imprisonment as mandated by La. R.S. 14:64.3.
STATEMENT OF CASE
Keith Cooper was charged by bill of information with three counts of armed robbery with a firearm and one count of illegal possession of a stolen automobile.[1] 14A jury trial was conducted on April 5, 2011, at which time the defendant was found guilty as charged on two counts of armed robbery with a firearm and one count of illegal possession of stolen property. The defendant was found not guilty on the remaining count of armed robbery with a firearm. The defendant was sentenced to a term of imprisonment to serve fifty years at hard labor on each count of armed robbery with a firearm and ten years at hard labor on his conviction for illegal possession of stolen property. The trial court ordered that all sentences are to be served concurrently.
STATEMENT OF FACT
Count One — Charles Lavoy
On or about April, 25, 2010, at approximately 3:45 a.m., Charles Lavoy began to enter his vehicle at the corner of Dumaine and Allard Streets when he noticed a gray or silver vehicle drive past his car and come to a swift halt. An African-American male jumped out of the car and approached his driver’s side window. The suspect pulled a gun out of his pants and pointed it at Lavoy. The suspect told Lavoy to give him his money. A second suspect came over and told Lavoy to turn over the car. Lavoy gave the suspects his wallet, keys, and cell phone, but he had no money in his possession. Lavoy exited the vehicle, and the two subjects entered the vehicle. Lavoy started walking back to his brother’s girlfriend’s house when he heard a gunshot and then he began running.
Lavoy’s vehicle was located a couple of days after the robbery. Upon inspection of his vehicle, Lavoy found a gun next to the fuse box under the hood. | sLavoy immediately notified the police of his discovery and was careful not to touch the weapon. The officers retrieved the weapon and preserved it for evidence.

Count Three-Stephanie Hinton

On April 26, 2010, at approximately 11:30 p.m., Stephanie Hinton left a coffee *847 shop and headed home. Ms. Hinton was living on Iberville Street, near the intersection of Iberville and Murat Streets. Ms. Hinton parked her vehicle on the side of the street which was closest to her house. As Ms. Hinton walked around to the passenger side of the vehicle to get her bags out of the car, she heard a sound coming from behind. She turned around, facing Murat Street, and saw a man coming towards her with a gun. The man demanded that she give him everything she had. She gave him her keys and cell phone. At that point, another man approached Ms. Hinton and the first suspect. The second suspect took Ms. Hinton’s keys and got into her vehicle. The gunman instructed Ms. Hinton to turn around and to keep walking. Ms. Hinton complied with the orders of the gunman. While walking away, Ms. Hinton was able to hear her car start. Ms. Hinton was able to go to a neighbor’s home and call 911.

Arrest of Keith Cooper

On April 27, 2010, while responding to a complaint of loud music in the 500 block of Washington Avenue, New Orleans Police Officer James Alexander encountered the defendant, Keith Cooper. When the officer neared the 600 block of Washington Avenue, he could hear the music coming from a Hyundai Accent. Officer Alexander parked behind the vehicle, and walked to the driver’s side of the Hyundai. The car window was down so Officer Alexander tapped on the door and ordered the person in the driver’s seat, later identified as the defendant, Keith Cooper, to turn the music down and step out of the vehicle. The defendant blurted Rout that the vehicle was not his and he did not have a driver’s license. Officer Alexander ran the license plate number and learned that the vehicle was stolen. The officer then arrested the defendant for possession of a stolen automobile and advised the defendant of his Miranda rights. The defendant told the officer that the vehicle was a “rock rental.” Officer Alexander contacted the Third Police District detectives who came to the scene. The crime lab was also called out, and the defendant was taken to the Third Police District for questioning. Officers later learned that the owner of the Hyundai Accent was Charles Lavoy.

Jdentiñcation of Keith Cooper

Detective Hal Amos investigated the armed robberies of Charles Lavoy and Stephanie Hinton. The officer testified that Lavoy assisted in creating a composite sketch of the suspect, and Lavoy identified the defendant, Keith Cooper, in a photographic lineup as the person who robbed him. After the defendant was arrested in possession of Lavoy’s vehicle, the defendant became a suspect. A search was conducted at the defendant’s house, and two polo striped shirts, similar to the description given by Lavoy, were found.
Detective Brooke Duncan investigated the armed robbery of Stephanie Hinton. At approximately 11:45 p.m. she responded to a call of an armed robbery at the intersection of Iberville and Murat Streets. Ms. Hinton told Det. Duncan that there were two perpetrators. The defendant, Keith Cooper, was developed as a suspect when the officer learned that he had been arrested the night before in a stolen automobile. Ms. Hinton assisted in creating a composite photograph of the suspects and later identified the defendant, Keith Cooper, in a photographic lineup. Hinton told the officer that the suspects took her keys, her cell phone, and her car which contained her purse, I-Pod, and laptop computer. The vehicle was later |7recovered on South Alexander Street. The victim’s I-Pod was found in codefendant Michael Feltus’ house.
ERRORS PATENT
A review of the record for errors patent reveals two. The trial court imposed ille- *848 gaily lenient sentences as to the two counts of armed robbery with a firearm, La. R.S. 14:64.3.
La. R.S. 14:64.3 restricts parole, probation, or suspension of sentences and mandates a sentencing enhancement of five years to run consecutively with the underlying sentence of armed robbery when the dangerous weapon used is a firearm:
When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.
The first error patent is the trial court’s failure to impose the sentences without the benefits of probation, parole, or suspension of sentence as required by La. R.S. 14:64, La. R.S. 14:64.3, and La. R.S. 14:27. However, La. R.S. 15:301.1(A) self-activates the correction and eliminates the need to remand for ministerial correction of the sentences. State v. Williams, 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799. Therefore, no remand is necessary to correct this error.
The second error involves the trial court imposing an indeterminate sentence. At the sentencing hearing, the trial court sentenced the defendant to serve fifty years in the Department of Corrections on each count of armed robbery |Rwith a firearm, sentences to run concurrently with each other and with the ten year sentence imposed for defendant’s conviction for illegal possession of stolen property. The trial court failed, however, to state the mandatory enhancement penalty within La. R.S. 14:64.3(A) of an additional five years imprisonment for each count of armed robbery to run consecutively to the sentences imposed under the provisions of La. R.S. 14:64.
This Court has previously addressed the error patent presented here in State v. Adams, 19-1140 (La.App. 4 Cir. 6/1/11), 68 So.3d 1165, and State v. Burton, 09-0826 (La.App. 4 Cir. 7/14/10), 43 So.3d 1073, writ denied, 10-1906 (La.2/11/11), 56 So.3d 999.
In Burton, this Court found the defendant’s sentence was indeterminate because the firearm enhancement was not included in his sentence. This Court noted that in cases where the minimum sentence had not been imposed, the Second, Third, and Fifth Circuit Louisiana Courts of Appeal held that the sentences were indeterminate, requiring that they be vacated, and that the cases be “remanded for resentenc-ing according to the law for clarification of whether the defendant’s sentence includes any additional punishment under La. R.S. 14:64.3.” Burton, 09-0826 p. 3, 43 So.3d at 1076 (citing State v. Weaver, 38,322 (La.App.2 Cir. 5/12/14), 873 So.2d 909; State v. McGinnis, 07-1419 (La.App. 3 Cir. 4/30/08), 981 So.2d 881; State v. Price, 04-812 (La.App. 5 Cir. 3/1/05, 909 So.2d 612)). In Burton, this Court vacated the defendant’s sentence and remanded the matter for resentencing.
In Adams, this Court noted that it was unclear if the trial court failed to impose the additional five years or merely failed to specify that it had done so. This Court remanded the case with orders for the trial court to conduct a new sentencing hearing to impose sentences within the statutory guidelines of La. R.S. |a14:64 and impose consecutive five year sentences in compliance with La. R.S. 14:64.3, reserving to the defendant the right to appeal his new sentence.
Accordingly, the sentences as to counts one and three are vacated and remanded. *849 The trial court is ordered to resentence the defendant in compliance with the mandates of La. R.S. 14:64.8.
DISCUSSION
ASSIGNMENT OF ERROR NUMBER 1
In this assignment, the defendant argues that the trial court erred when it denied the defendant’s motion to sever offenses. La.C.Cr. P. art. 493 states:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
Felony offenses that are not triable by the same mode of trial may still be joined in the same indictment or bill of information under the conditions specified in La. C. Cr. P. art. 493.2, which provides:
[ Ojffenses in which punishment is necessarily confinement at hard labor may be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor, provided that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Cases so joined shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.
Nonetheless, La.C.Cr.P. art. 495.1 provides that if the defendant or the State is prejudiced by the joinder of offenses in a bill of information or at trial, “the court may order separate trials, grant a sever-anee of offenses, or provide whatever other | inrelief justice requires.” In State v. Nix, 2007-1431, (La.App. 4 Cir. 6/18/08), 987 So.2d 855, this Court cited State v. Deruise, 98-0541, p. 7 (La.4/3/01), 802 So.2d 1224, 1232, for its discussion of the standard for reviewing a trial court’s ruling on a motion to sever counts:
A motion to sever is addressed to the sound discretion of the trial court, and the court’s ruling should not be disturbed on appeal absent a showing of an abuse of discretion. [State v.] Brooks, 541 So.2d [801] at 804 [ (La.1989) ] (citing State v. Williams, 418 So.2d 562, 564 (La.1982)). In ruling on such a motion, the trial court must weigh the possibility of prejudice to the defendant against the important considerations of economical and expedient use of judicial resources. In determining whether joinder will be prejudicial, the court should consider the following: (1) whether the jury would be confused by the various counts; (2) whether the jury would be able to segregate the various charges and evidence; (3) whether the defendant would be confounded in presenting his various defenses; (4) whether the crimes charged would be used by the jury to infer a criminal disposition; and (5) whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile. Id. (quoting State v. Washington, 386 So.2d 1368, 1371 (La.1980)). However, the fact that evidence of one of the charges would not be admissible under State v. Prieur, 277 So.2d 126 (La.1973), in a separate trial on the joined offense, does not per se prevent the joinder and single trial of both crimes, if the joinder is otherwise permissible. State v. Davis, 92-1623, p. 9 (La.5/23/94), 637 So.2d 1012, 1019 (citing State v. Celestine, 452 So.2d 676 (1984)). Finally, there is no prejudicial *850 effect from joinder of two offenses when the evidence of each is relatively simple and distinct, so that the jury can easily keep the evidence of each offense separate in its deliberations. Brooks, 541 So.2d at 805.
Nix, 2007-1431, p. 11-12, 987 So.2d at 862.
A defendant bears a heavy burden of proving prejudicial joinder of offenses, and he must make a clear showing of prejudice. State v. Lebreton, 2003-0321 (La.App. 4 Cir. 10/8/03), 859 So.2d 785. In State v. Carter, 99-2234, pp. 34-35 (La.App. 4 Cir. 1/24/01), 779 So.2d 125, 145, this Court stated: “Generally, ‘there is no prejudice and severance is not required if the facts of each offense are not complex, and there is little likelihood that the jury will be confused by the evidence of more than one crime,’ ” quoting State v. Lewis, 557 So.2d 980, 984 (La.App. 4 Cir.1990).
The Supreme Court in State v. Demise found that the two offenses of first degree murder were properly joined. The Court noted that although the crimes involved two different victims, the offenses were perpetrated on each victim within a relatively short time span, in the same area of town, and with the same weapon.
While the two charges in the present case share enough similarities to make joinder permissible, the facts of each offense are not identical and are easily distinguishable from each other. Furthermore, during voir dire, the prosecution and the defense referred to the charges as separate offenses and stressed to the potential jurors the importance of considering the charges independently. More important is that the evidence against the defendant on each count was not complex and was presented in an orderly fashion, allowing the jury to segregate the charges and evidence. All of the witnesses, with the exception of Officer Treadaway, the prosecution’s firearm expert, testified exclusively to either the murder of Gary Booker or that of Etienne Nachampas-sak. Only Officer Treadaway testified regarding both offenses, stating that the same gun was used in both murders. Additionally, both the prosecution and the defense compartmentalized their opening and closing statements according to the separate counts. In fact, over the prosecutor’s objection, the trial court allowed both defense attorneys to participate in closing arguments, with each one arguing a separate count. The trial judge also specifically instructed the jury that it was to consider the two counts separately and was to render a verdict as to each count independently of the other.
Deruise, 98-0541, p. 7, 802 So.2d at 1232-1233.
In State v. Lomax, 2009-1129 (La.App. 4 Cir. 3/24/10), 35 So.3d 396, this Court applied the Washington factors and concluded that the trial court did not 112abuse its discretion when it denied the defendant’s motion to sever the counts of possession of heroin and possession of a firearm by a convicted felon. This Court found that the defendant could not show that the jurors were confused by the presentation of the evidence or that they could not segregate evidence as to the two counts. The Court also noted that the defendant did not prove that the joinder of the two offenses caused the jury to infer a criminal disposition on his part, or that the joinder made the jury hostile. The Court took note of the fact that while the jury found the defendant guilty as charged as to the possession of heroin count, it failed to return a verdict on the felon in possession of a firearm count.
In the present case, the defendant was charged with three counts of armed robbery with a firearm and one count of pos *851 session of a stolen vehicle. The three counts of armed robbery with a firearm are felonies required to be tried by a jury of twelve, ten of whom must concur to render a verdict. However, the possession of a stolen automobile charge is a felony which requires a jury composed of six jurors, all of whom must concur to reach a verdict. La. C.Cr.P. article 782. In the present case, the defendant was tried by a twelve member jury, at least ten of whom concurred to render the verdicts in the present case. Thus, the offenses were properly joined under La.C.Cr.P. article 493.2.
Further, the armed robbery offenses were similar in nature, occurring within a few days of each other, within the same general location of the city, i.e. Mid-City, and during the late night, early morning hours. In each instance, there were two perpetrators, and a handgun was used. In two of the robberies, the victims’ vehicles were taken. Additionally, the illegal possession of the stolen vehicle charge was connected to the armed robbery of Charles Lavoy because the defendant was found to be in possession of Lavoy’s vehicle.
|1SA review of the trial transcript reveals that the evidence against the defendant on each count was not complex and was presented in an orderly fashion, allowing the jury to segregate the charges and evidence. Each robbery victim separately testified as to the facts of the crime. The State arranged its witnesses so that evidence of each offense was presented separately. The only officer who testified about two of the robberies was Officer Hal Amos. Additionally, the defendant’s only defense to each offense, except for the possession of a stolen automobile, was the same — lack of a reliable identification. There is nothing to suggest that the jury inferred a criminal disposition or was hostile towards the defendant. In fact, the jury found the defendant not guilty of the armed robbery of Victoria Willis. Thus, the defendant has not shown that he was prejudiced by the denial of his motion to sever offenses.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2
In this assignment of error, the defendant alleges that the trial judge committed reversible error when he entered the jury room during deliberations. However, the record reveals that the trial judge obtained the permission of both defense counsel and the State, and no contemporaneous objection was raised by defense counsel.
Under La.C.Cr. P. 841(A), “[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.” Since there was no objection by defense counsel, this assignment is not preserved for review.
ASSIGNMENT OF ERROR NUMBER 3
| uThe defendant avers that the evidence presented was constitutionally insufficient to support a conviction on two counts of armed robbery with a firearm based upon misidentification.
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational *852 trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green, supra. “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319, 1324 (La.1992).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but |, ¿rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
Furthermore, this Court also reviews the reliability of an identification in accordance with the factors set out in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), which are: (1) the opportunity of the witness to view the assailant at the time of the crime; (2) the witness’s degree of attention; (3) the accuracy of the witness’s prior description of the assailant; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the confrontation. State v. Stewart, 2004-2219, p. 6 (La.App. 4 Cir. 6/29/05), 909 So.2d 636, 639.
In the present matter, both victims, Charles Lavoy and Stephanie Hinton, positively identified the defendant as one of the suspects who robbed them. Both victims assisted in the preparation of composite sketches and later identified the defendant, in photographic lineups and at trial, as one of the perpetrators who robbed them.
Lavoy testified that the defendant’s face was right in front of him. The defendant had to stoop down when he showed Lavoy the gun and told Lavoy to give him his money. Lavoy also stated that there was sufficient light in the area for him to see the defendant’s face clearly. Lavoy was able to give a description of the defendant, including the type of shirt the defendant was wearing at the time of the robbery. Lavoy noted that the defendant had large eyes, and that the defendant wore a cap that was pulled down on his forehead. A couple of days later, on April |Ui28, 2010, Lavoy assisted the police in preparing a composite sketch of the defendant and identified the defendant in a photographic lineup.
Stephanie Hinton testified that there was a street light on her street so she could see fairly well. She stated that she saw the defendant walk from Murat Street onto Iberville Street. The first suspect gave the defendant Ms. Hinton’s car keys, and the defendant got into the driver’s side of her vehicle. Three days after the armed robbery, April 29, 2010, Ms. Hinton assisted in preparing composite sketches of both men. The following day, April 30, 2010, she identified the defendant in a photographic lineup as the second suspect. Ms. Hinton stated that she was absolutely certain of her identifications. She also *853 identified the defendant at trial as the second perpetrator.
Both Mr. Lavoy and Ms. Hinton acknowledged that they had the opportunity to view the defendant. There was sufficient lighting in both instances, and both victims testified that they were face to face with the defendant. Mr. Lavoy testified that the defendant stooped down to talk to him in his vehicle and pressed his face near the window. Ms. Hinton testified that she was focused on both of the perpetrators and was better able to remember the defendant because he appeared to be the older of the two perpetrators. Both victims gave specific descriptions of the perpetrators and were able to assist in the preparation of composite sketches, within a few days of the robberies. Additionally, both witnesses identified the defendant in photographic lineups within three to four days of the robberies. The victims’ testimony supports a conclusion that their identifications of the defendant were reliable.
Both victims testified that the defendant, along with another suspect, had robbed them of their personal belongings and automobiles. In the case of Mr. _JjjLavoy, the defendant was armed with a firearm during the robbery. In the robbery of Ms. Hinton, the first perpetrator was armed with a firearm. The evidence presented by the State was sufficient for the jury to conclude that the defendant was one of the perpetrators who robbed the victims, while armed with a firearm. This assignment is without merit.
CONCLUSION
Accordingly, the convictions and the sentence for illegal possession of stolen property are affirmed. The sentences as to the two counts of armed robbery with a firearm are vacated and remanded. The trial court is ordered to resentence the defendant in compliance with the mandates of La. R.S. 14:64.3.

. In the bill of information, count one charged the defendant and co-defendant, Michael Feltus, with the armed robbery with a firearm of Charles Lavoy. Count two charged defendant with possession of a stolen automobile belonging to Charles Lavoy. Count three charged defendant with the armed robbery with a firearm of Stephanie Hinton. Count four charged co-defendant, Michael Feltus, with possession of stolen things, i.e. an I-Pod belonging to Stephanie Hinton. Defendant and co-defendant, Ronald Howard, were charged in count five with the armed robbery with a firearm of Victoria Willis. On January 25, 2011, Michael Feltus pled guilty as charged to both counts under North Carolina v. Alford. The trial court sentenced Feltus to five years at hard labor on the possession of stolen goods charge and to twenty years at hard labor on the armed robbery charge; said sentences to run concurrently.