JOY COSSICH LOBRANO, Judge.
LThe defendant, Gerard Turner, was charged by bill of information with discharging a firearm during a violent crime, a violation of La. R.S. 14:94(F). He originally pled not guilty. The bill of information was later amended to reduce the charge against him to aggravated assault with a firearm, a violation of La. R.S. 14:37.4. Also charged in the same bill of information were co-defendants, Patrick Lamar and Jermaine Curry. Lamar pled guilty to being an accessory to illegal use of weapons and was sentenced to five years at hard labor. Curry pled guilty to two counts of attempted illegal use of weapons and was sentenced to five years at hard labor. On the same date that Lamar and Curry pled guilty and were sentenced, Turner withdrew his prior plea to the crime of discharging a firearm during a violent crime, and he pled guilty as charged to aggravated assault with a firearm. His sentencing was set for a later date.
Two weeks after his guilty plea, Turner appeared in court with new counsel and filed a motion to withdraw his guilty plea. The motion was denied, and the trial court sentenced Turner to forty months at hard labor to be served concurrently 12with any other sentence and granted Turner credit for time served. Turner now appeals, challenging the trial court’s denial of his motion to withdraw his guilty plea.
The record reveals no errors patent.
On appeal, Turner argues that his guilty plea was vitiated because it was induced through a representation that he would be eligible for parole after serving only one-third of his sentence.[1] Turner also argues that his original attorney was ineffective for advising him of the incorrect minimal period that he would possibly have to serve. Turner claims that, but for the erroneous information regarding his parole eligibility and “good time” relayed to him by his attorney, he would not have pled guilty. Turner claims that his guilty plea was based upon advice constituting ineffective assistance of counsel.
The Louisiana Supreme Court has held that the two-part analysis of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, *108 80 L.Ed.2d 674 (1984), relative to ineffective assistance of counsel claims, applies to challenges to guilty pleas based upon ineffective assistance of counsel. State v. Washington, 491 So.2d 1337, 1338 (La.1986); see also State v. West, 2009-2810, p. 1 (La.12/10/10), 50 So.3d 148, 149. Generally, to attain relief in an ineffective assistance of counsel claim, a defendant must show 1) that counsel’s performance was deficient, and 2) that the deficiency prejudiced the defendant. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Counsel’s performance is deficient when it can be shown that “counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed to the defendant by the Sixth | (¡Amendment.” Id. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. Id. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 694, 104 S.Ct. 2052. However, when challenging a guilty plea based upon ineffective assistance of counsel, a defendant must satisfy the prejudice requirement by showing “that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Washington, 491 So.2d at 1339 (quoting Hill v. Lockhart, 474 U.S. 52, 59,106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).
Turner argues that, when he pled guilty, he did not realize that he would have to serve eighty-five percent of his forty-month sentence for aggravated assault with a firearm before he would be eligible for parole. At the hearing on Turner?s motion to withdraw his guilty plea, his original attorney, Raleigh Ohlmeyer, testified that he erroneously informed Turner that he would be eligible for parole after serving only one-third of his sentence. See La. R.S. 15:574.4(A)(l)(a) (first offender parole eligibility). However, as Ohl-meyer learned after Turner pled guilty, La. R.S. 15:574.4(B)(1) mandates that “a person convicted of a crime of violence and not otherwise ineligible for parole shall serve at least eighty-five percent of the sentence imposed, before being eligible for parole.” Turner pled guilty to aggravated assault with a firearm, a crime of violence under La. R.S. |414:2(B)(33). Ohlmeyer testified that, due to time constraints, he failed to verify the law on parole eligibility prior to advising his client.
The Court notes that Ohlmeyer should have verified the law on parole eligibility prior to giving advice. However, even if Turner proved that Ohlmeyer provided deficient counsel, he cannot show prejudice because the plea agreement was extremely favorable to Turner. Turner was originally charged with discharging a firearm during a violent crime, a violation of La. R.S. 14:94(F). Pursuant to La. R.S. 14:94(F), Turner could have been sentenced to not less than ten years and not more than twenty years. By pleading guilty to aggravated assault with a firearm, Turner’s sentencing exposure was reduced to a maximum of ten years with no minimum sentence. See La. R.S. 14:37.4(C).[2] The forty-month sentence that Turners original attorney negotiated was less than half of the maximum sentence under La. R.S. 14:37.4(C), and less than the five-year sentences that his co-defendants received. By pleading guilty to aggravated assault with a firearm, Turner significantly reduced his *109 sentencing exposure from twenty years (which he could have received under the original charge) to the agreed-upon sentence of forty months, and he received a sentence well below those imposed on his co-defendants. Moreover, Turner failed to show that he had a viable defense at trial that might have changed his decision to plead guilty in exchange for the very favorable deal he received. We conclude that Turner failed to show that the trial court abused its discretion in refusing to grant his motion to withdraw his guilty plea.
|5For the reasons stated above, we find no error in the trial court’s denial of Turner’s motion to withdraw his guilty plea. The conviction and sentence of the defendant, Gerald Turner, are hereby affirmed.
AFFIRMED.

. The facts of the underlying crime in this case are not necessary to address the arguments on appeal. The only reference to the facts in the record is in the transcript of the hearing at which the defendant pled guilty to aggravated assault with a firearm. At the hearing, the assistant district attorney offered the following statement: "Judge, the facts in this case are that the victim in this matter had his car fired upon by a white Cadillac Esca-lade, where Patrick Lamar was the driver and Jermaine Curry and Mr. Turner were passengers.”

. The statute also gives the sentencing judge discretion to issue a fine of up to ten thousand dollars and to issue the sentence either with or without hard labor.